#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **GARY MUSE,** | ) | **CASE NO. 4:10CV3167** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **ROBERT HOUSTON,** | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on Petitioner Gary Muse's ("Muse") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondent filed a Motion for Summary Judgment (Filing No. 8) along with a Brief in Support (Filing No. 10) and relevant State Court Records (Filing No. 9). Muse filed an Objection to Respondent's Motion along with a Brief in Support. (Filing Nos. 11 and 12.) This matter is therefore deemed fully submitted, and, as set forth below, the Petition is dismissed with prejudice.

### I.  BACKGROUND

    On May 26, 2005, a jury found Muse guilty of one count of first-degree sexual assault, two counts of robbery and three counts of use of a deadly weapon to commit a felony. (Filing No. 9-2, Attach. 2, at CM/ECF pp. 1-8.) Thereafter, the Douglas County, Nebraska, District Court sentenced Muse to twenty to thirty years of imprisonment for the first-degree sexual assault count, ten to twenty years of imprisonment for each of the robbery counts, and ten to twenty years of imprisonment for each of the deadly weapon counts. (*Id*. at CM/ECF pp. 9-10.) On September 12, 2006, the Nebraska Court of Appeals affirmed Muse's convictions and sentences. (Filing No. 9-1, Attach. 1, at CM/ECF p. 2.) Muse then petitioned the Nebraska Supreme Court for further review. (*Id*.) On

February 23, 2007, the Nebraska Supreme Court also affirmed Muse's convictions and sentences. (*Id*.)

On February 25, 2008, Muse filed a "Verified Motion for Postconviction Relief" ("Post-Conviction Motion") in the Douglas County District Court.¹ (Filing No. 9-3, Attach. 3 at CM/ECF pp. 1-11.) On September 16, 2009, the Douglas County District Court denied Muse's Post-Conviction Motion. (*Id*. at CM/ECF pp. 23-28.) Muse did not appeal. (Filing No. 9-4, Attach. 4 at CM/ECF p. 1.)

Muse filed his Petition in this court on August 23, 2010. (Filing No. 1.) Thereafter, Respondent filed a Motion for Summary Judgment (Filing No. 8) along with a Brief in Support (Filing No. 10) and relevant State Court Records (Filing No. 9). In his Brief, Respondent argues that Muse's Petition is barred by the relevant statute of limitations. (Filing No. 10 at CM/ECF pp. 2-5.) In response, Muse filed an Objection to Respondent's Motion along with a Brief in Support. (Filing Nos. 11 and 12.) In his Brief, Muse argues that his attorney was ineffective because he never advised Muse of any statute of limitations. (Filing No. 11.) Respondent submitted a Reply Brief in response to Muse's Objection arguing that ineffective assistance of counsel does not warrant equitable tolling of the statute of limitations. (Filing No. 12.)

---

¹On the first page of his "Verified Motion for Postconviction Relief," Muse referred to himself as "Lucky Iromuanya." (Filing No. 9-3, Attach. 3 at CM/ECF p. 1.) However, on April 14, 2008, Muse re-filed the same "Verified Motion for Postconviction Relief" and replaced the name "Lucky Iromuanya" with "Gary S. Muse." (*Id*. at CM/ECF pp. 12-22.)

2

## II. ANALYSIS

### A. Statute of Limitations

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)). This one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also Riddle v. Kemna*, 523 F.3d 850, 852 (8th Cir. 2008) (indicating that a postconviction case is pending, and the limitations period is tolled, from the filing of the postconviction motion until the mandate issues). Here, there is no indication that the Petition was filed within one year of the dates specified in §

2244(d)(1)(B)-(D). The issue, therefore, is whether the Petition was filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, the limitations period began to run on May 24, 2007, 90 days after February 23, 2007, the date on which Muse's direct criminal appeal became final. *See, e.g.*, *Riddle, 523 F.3d at 852* (reiterating that, where a petitioner seeks review from the state's "court of last resort," the one-year limitations period begins to run when the 90-day period for seeking a writ of certiorari in the United States Supreme Court expires); Sup. Ct. R. 13 ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate."). Muse filed his Post-Conviction Motion on February 25, 2008. (Filing No. 9-3, Attach. 3 at CM/ECF p. 1.) Thus, 277 days passed between the conclusion of direct review and the filing of the Post-Conviction Motion. As set forth above, the limitations period was tolled from February 25, 2008, until his Post-Conviction Motion was no longer pending.

The limitations period began to run again on October 17, 2009, the day after Muse's appeal time expired on the Douglas County District Court order denying his Post-Conviction Motion. (*Id*. at CM/ECF pp. 23-28; Filing No. 9-4, Attach. 4.) Muse did not file his Petition in this court until August 23, 2010. (Filing No. 1.) Thus, an additional 310 days passed between the day that his Post-Conviction Motion was no longer pending and the filing of his Petition in this court. Together, a total of 587 days elapsed between the conclusion of direct review and the filing of the Petition. In light of this, the court finds that Muse's Petition was not timely filed.

**B.    Equitable Tolling**

The Eighth Circuit has held that equitable tolling may be applied to the AEDPA statute of limitations. *See, e.g.*, *Riddle*, 523 F.3d at 857. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)). However, "[e]quitable tolling is 'an exceedingly narrow window of relief.'" *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)). Stated another way, "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002) (quotation omitted).

Liberally construed, Muse argues that this court should apply equitable tolling should to the AEDPA statute of limitations because his attorney was ineffective. (Filing No. 11.) However, the Eighth Circuit has held that ineffective assistance of counsel does not ordinarily warrant equitable tolling. *Walker*, 436 F.3d at 1033; *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (concluding that ineffective assistance of counsel is not generally considered an extraordinary circumstance for purposes of equitable tolling). Moreover, Muse's lack of legal knowledge or resources is insufficient to warrant equitable tolling. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Accordingly, the court finds that equitable tolling does not apply and that Muse's Petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d)(1)(A).

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (Filing No. 8) is granted. Muse's Objection (Filing No. 11) is denied;

2. Petitioner Gary Muse's Petition for Writ of Habeas Corpus (Filing No. 1) is denied in all respects and this action is dismissed with prejudice; and

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 2nd day of February, 2011.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.